

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Secunda Ann Williams, | ) | CASE NO. 1:17 CV 2472 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| State Farm Insurance, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Seeking to proceed *in forma pauperis*, *pro se* plaintiff Secunda Ann Williams has filed this civil action against State Farm Insurance ("State Farm"). (Doc. No. 1.) Her one-paragraph complaint does not set forth clear allegations or legal claims. She contends that State Farm policies of her mother's were stolen. The only discernible legal claims she alleges are that she "has been violated of Deceptive Practices due to Fraudulent acts"; "Somew[h]ere Identity Theft, Of Fraud under O.R.C. 2913.41-47" occurred; and "some what of the RICO ACT has [been] incountered." (*Id.*) She asks "the Court to Actknowlege [her] claim and surrender all policies of any nature." (*Id.*)

Although the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements and courts are not required to conjure

allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 2001 WL 1556573 (6th Cir. Dec. 4, 2001). Further, district courts are required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim on which relief may be granted, a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)). The plaintiff's allegations must be sufficient to raise a right to relief "above the speculative level." *Twombly*, 550 U.S. at 555.

Even construed liberally, the plaintiff's complaint does not contain allegations reasonably suggesting she has any plausible federal civil claim against State Farm. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996) (court is not required to accept summary allegations or unwarranted legal conclusions in determining whether a complaint states a claim for relief). Her complaint does not set forth discernible allegations suggesting any specific wrongful conduct at all on the part of State Farm.

### Conclusion

Accordingly, the plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and her complaint is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: March 16, 2018

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE